UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROSA MALIZA,

                    Plaintiff,

        - v -

2001 MAR-OS FASHION, INC., et al.,

                    Defendants.
-----------------------------------------------------------------x

**OPINION AND ORDER**

CV-07-463 (ERK)(VVP)

      At the trial of this matter, the jury returned a verdict on interrogatories finding the defendants Edgar Uzhca and Lourdes Uzhca Gonzales liable to the plaintiff for unpaid wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and made factual findings that subjected the defendants to further liability for liquidated damages under both statutes. The interrogatories did not ask the jury to reach a determination of the total amounts of unpaid wages due to the plaintiff, but rather instructed the jury to provide month-by-month determinations of the hours worked by, and wages paid to, the plaintiff over the period of time when she was employed by the defendants. This procedure left to the court the arithmetic task of computing the shortfalls, if any, in the wages paid to the plaintiff during the time periods in question.

      In accordance with a post-trial schedule set by the court, the plaintiff submitted proposed calculations for unpaid wages as well as liquidated damages, and has also moved for an award of attorneys' fees and costs. The defendants have submitted no opposition, despite an extension to the schedule granted by the court.

## UNPAID WAGES AND LIQUIDATED DAMAGES

The court has examined the submissions made by the plaintiff on the issue of unpaid wages and liquidated damages, which consist primarily of three detailed schedules reflecting calculations, week-by-week, regarding unpaid wages and damages to be paid under the FLSA (Exhibit A) and the NYLL (Exhibit B), and for prejudgment interest which is available for damage awards under the NYLL (Exhibit C).[1]  The schedules, which are clearly computerized spreadsheets, accurately reflect the findings made by the jury with respect to hours worked and wages paid.  They also accurately reflect the applicable minimum and overtime rates of pay at various times during the plaintiff's employment.  Based on those factual premises, Exhibits A and B provide calculations, week-by-week, concerning any shortfalls that occurred between the wages paid and the wages owed to the plaintiff, as well as the liquidated damages applicable to the shortfalls in those wages at the statutory rates set by the two statutes.  Similarly, Exhibit C provides calculations, week-by-week, concerning the accrued interest at 9% per annum from the time when each shortfall in payment occurred, up through October 21, 2009.  Finding no error in these calculations, the court concludes that the following damages are to be awarded to the plaintiff: (i) unpaid wages under the FLSA totaling $1,709.80; (ii) liquidated damages under the FLSA totaling $1,709.80;[2] (iii) unpaid wages under the NYLL totaling $5,994.75;[3] (iii) liquidated

---

[1] The exhibits to which this opinion refers were attached to the Plaintiff's Memorandum of Law in Support to Motion for Entry of Judgment and Award of Fees and Costs, found at Dkt. Ent. 84.

[2] Liquidated damages under the FLSA are to be awarded in an amount equal to unpaid wages.  29 U.S.C. § 216(b).

[3] To avoid double recovery, the plaintiff's unpaid wage calculations under the NYLL properly exclude overtime pay for the period of time for which the plaintiff is afforded recovery for overtime pay under the FLSA.  They include unpaid wages for so-called "spread of hours" pay, which is available only

damages under the NYLL totaling $1,926.14;[4] and (iv) prejudgment interest on unpaid wages under the NYLL totaling $3,753.97 through October 21, 2009.[5]

## ATTORNEYS' FEES AND COSTS

The plaintiff seeks a total of $138,003.00 for attorneys' fees and $7,186.09 for costs. In support of that request, the plaintiff has submitted an affirmation by her principal counsel which provides detailed information about the hours spent by three attorneys who were involved in the matter and about the out-of-pocket expenses incurred in connection with this litigation.

Both the FLSA and the NYLL provide for awards of attorneys' fees and costs to plaintiffs who prevail on their claims under those statutes. *See* 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added); N.Y. Lab. Law §§ 198(1-a), 663(1). Establishing the amount of "reasonable" attorneys' fees has been the subject of extended discussion in the Second Circuit. *See Simmons v. New York City Transit Authority*, 575 F.3d 170 (2d Cir. 2009); *Arbor Hill Concerned Citizens Neighborhood Ass'n v.*

---

under the NYLL, for the entire time of the plaintiff's employment within the six-year limitations period available under the NYLL.

[4]Liquidated damages under the NYLL are awarded at the rate of 25% of unpaid wages. N.Y. Lab. Law §§ 198(1-a), 663(1). Even though unpaid overtime wages are not included in the NYLL calculations for that period of time for which the plaintiff obtains recovery of overtime wages under the FLSA, the amounts of those unpaid wages are included for the purpose of computing liquidated damages under the NYLL. There is support for an award of liquidated damages under both the NYLL and the FLSA for periods of time when recovery is available under both statutes even though a double recovery of the unpaid wages underlying the liquidated damages awards is not afforded. *See Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 260-63 (S.D.N.Y. 2008).

[5]Prejudgment interest continues to accrue at the rate of $1.09 per day ($4,424 in unpaid NYLL wages at 9% per annum, or 0.0246% per day) from October 21, 2009 to the date of judgment.

*County of Albany*, 522 F.3d 182 (2d Cir. 2008), *superseding* 493 F.3d 110 (2d Cir. 2007). The Circuit's recent decisions have "abandoned the 'lodestar' approach to awarding attorney's fees, and adopted instead a 'presumptively reasonable fee' calculation." *Simmons*, 575 F.3d at 172. Thus, district courts must now "bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* (*citing Arbor Hill*, 493 F.3d at 117-18) (emphasis in original). Those factors include the so-called *Johnson* factors (taken from *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974),[6] *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989)), as well as the recognition that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively and might be able to negotiate a lower fee than customary. *See Arbor Hill*, 522 F.3d at 190. Notwithstanding the abandonment of the "lodestar" approach, however, the presumptively reasonable fee is still to be determined by reference to the number of hours reasonably expended on a matter and the reasonable fee to be charged for those hours. *See generally Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009). The task thus still requires a review of reasonably detailed time records as contemplated by *New York Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

The data provided by the plaintiff concerning tasks undertaken and time spent by the various attorneys who participated in the litigation is more than adequate to satisfy the dictates

---

[6]The *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

of *Carey*. The litigation was staffed by a recently admitted attorney, whose time in this application is being charged at a rate of $150 per hour, and two supervising attorneys, for whom the rates being charged are at $250 and $300 per hour respectively.[7] The affirmation carries sufficient information to justify the rates for the time charged by each of the three attorneys. (Indeed, the skill with which the principal attorney handled the matter belied her relative lack of experience and thus probably understates the value of her time.)

Doubtless because of the relative inexperience of the principal attorney, considerable time was spent by the two supervisors to insure that the principal attorney was learning how to conduct litigation and was handling the matter appropriately. While the court does not doubt that their services added value to the representation of the plaintiff, and acknowledges that some supervision by senior attorneys in any law office is absolutely necessary, a fee award should not be expected to compensate for all training and oversight afforded to newly admitted attorneys. Here, for example, all three attorneys attended trial for all or substantial portions of every trial day. It also appears that two attorneys were involved in preparing for and attending each of the depositions in the case. Although the litigation presented some challenges, particularly during discovery, the case was not particularly complex. Indeed, the defendants were represented by a single attorney throughout discovery and by a single, albeit different, attorney throughout the trial.

---

[7]The plaintiff was represented pro bono by a not-for-profit legal services organization, and the rates are therefore submitted, not on the basis of what the plaintiff was charged, but on the basis of what comparable attorneys would obtain for comparable services in the private market.

In addition, given the relatively modest amount at stake in the litigation, the court must consider what a reasonable paying client, with an interest in minimizing fees, would be willing to pay. Here, the total fee award sought is more than nine times the amount recovered; in the circumstances, it appears to the court that a reasonable paying client would have been willing to forego some of the attention paid to the case by the attorneys here in order to keep fees from running so high.

These considerations lead the court to conclude that the fee award should be less than that requested. Thus, the time for the supervising attorney who was less involved in the matter will be reduced by 30 hours relating to her attendance as the third attorney at trial. In addition, the amount to be awarded for the time spent by both supervising attorneys (after the 30-hour reduction) will be reduced by twenty percent.[8] The court emphasizes that these reductions are not a reflection on the quality of the representation provided by the supervising attorneys, but simply a recognition that some of those services were for time spent in supervision and training for which the defendants should not be held responsible, and that some of the time expended by all of the attorneys acting for the plaintiff was greater than what a paying client would have requested.

The costs for which the plaintiff seeks reimbursement are all reasonable, and adequately supported.[9] They will therefore be awarded in full.

---

[8] In determining the amount of the reduction, the court credited the representations that the supervising attorneys spent time providing supervisory assistance which is not reflected in the time records on which the fee application is based.

[9] An itemization of the costs is set out in the plaintiff's Attorney Affirmation in Support of Plaintiff's Application for Fees and Costs, found at Dkt. Ent. 84.

## CONCLUSION

For the foregoing reasons, judgment is to be entered in the following amounts:

1. $11,340.49 for unpaid wages and liquidated damages;

2. $3,753.97 plus $1.09 per day from October 21, 2009 to the date of judgment for prejudgment interest;

3. $117,888 for attorneys' fees; and

4. $7,186.09 for costs.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
February 10, 2010